IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

ANGELA CALLOWAY,

        Plaintiff,

v.                                                                  CIVIL ACTION NO.  5:16cv00081

COMMONWEALTH OF VIRGINIA, *et al*.,

        Defendants.

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

COME NOW Defendants Commonwealth of Virginia, John A. Woodson, Edward O. Hoskie, Nicholas S. Shires, Benjamin J. Lokey, and Jeffrey L. Brown (hereinafter collectively referred to as "Defendants"), by counsel, and in reply to Plaintiff's Opposition to Defendants' Motion to Dismiss state as follows:

In Plaintiff's opposition, Plaintiff argues that "the Commonwealth's receipt of federal funds for drug interdiction training and residential substance abuse creat[es] an express waiver of [the Commonwealth's] sovereign immunity against Plaintiff's claims."  *See*. ECF No. 15, p. 10. Plaintiff's argument fails because the state only waives its immunity if the federal program clearly mandates that participation waives consent to immunity.  Here, Plaintiff has only raised speculative allegations without any supporting statutory evidence of any express waiver of immunity under the circumstances.  Moreover, the facts of the case at hand would not fall under the type of circumstances that warrant a waiver of immunity.

"It is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent."  *Sossamon v. Texas*, 563 U.S. 27, 284 (2011).  "This is the general sense, and the general practice of mankind; and the exemption, as one of the attributes of sovereignty, is

now enjoyed by the government of every State in the Union." *Id.* (citing The Federalist No. 81, p. 511 (B. Wright ed. 1961) (A. Hamilton)).

"Indeed, when this Court threatened state immunity from private suits early in our Nation's history, the people responded swiftly to reiterate that fundamental principle." *Id.* (see *Hans v. Louisiana*, 134 U.S. 1, 11, 10 S. Ct. 504, 33 L. Ed. 842 (1890) (discussing *Chisholm v. Georgia*, 2 U.S. 419, 1 L. Ed. 440, 2 Dall. 419 (1793), and the Eleventh Amendment)). "Sovereign immunity principles enforce an important constitutional limitation on the power of the federal courts." *Id.* (*See Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 98, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)). "For over a century now, this Court has consistently made clear that federal jurisdiction over suits against unconsenting States was not contemplated by the Constitution when establishing the judicial power of the United States." *Id.* (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996) (quoting *Hans*, *supra*, at 15, 10 S. Ct. 504, 33 L. Ed. 842); see *Seminole Tribe*, *supra*, at 54-55, n. 7, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (internal quotation marks omitted)). "A State, however, may choose to waive its immunity in federal court at its pleasure." *Id.* (citing *Clark v. Barnard*, 108 U.S. 436, 447-448, 2 S. Ct. 878, 27 L. Ed. 780 (1883)).

"Accordingly, our test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one." *Id.* (quoting *College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd.*, 527 U.S. 666, 675, 119 S. Ct. 2219, 144 L. Ed. 2d 605 (1999) (internal quotation marks omitted)). "A State's consent to suit must be ***unequivocally expressed*** in the text of the relevant statute." *Id.* (quoting *Pennhurst State School and Hospital*, *supra*, at 99, 104 S. Ct. 900, 79 L. Ed. 2d 67; see *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 238, n. 1, 239-240, 105 S. Ct. 3142, 87 L. Ed. 2d 171 (1985) (emphasis added)). "Only by

requiring this clear declaration by the State can we be certain that the State in fact consents to suit." *Id.* (quoting *College Savings Bank*, 527 U.S., at 680, 119 S. Ct. 2219, 144 L. Ed. 2d 605) (internal quotation marks omitted). Waiver may not be implied. *Id.*

"For these reasons, a waiver of sovereign immunity 'will be strictly construed, in terms of its scope, in favor of the sovereign.' " *Id.* at 285. (quoting *Lane v. Peña*, 518 U.S. 187, 192, 116 S. Ct. 2092, 135 L. Ed. 2d 486 (1996)). "So, for example, a State's consent to suit in its own courts is not a waiver of its immunity from suit in federal court." *Id. College Savings Bank, supra*, at 676, 119 S. Ct. 2219, 144 L. Ed. 2d 605. "Similarly, a waiver of sovereign immunity to other types of relief does not waive immunity to damages: '[T]he waiver of sovereign immunity must extend unambiguously to such monetary claims.' " *Id.* (quoting *Lane, supra*, at 192, 116 S. Ct. 2092, 135 L. Ed. 2d 486; *United States v. Nordic Village Inc.*, 503 U.S. 30, 34, 112 S. Ct. 1011, 117 L. Ed. 2d 181 (1992) (construing an ambiguous waiver of sovereign immunity to permit equitable but not monetary claims); H*offman v. Connecticut Dept. of Income Maintenance*, 492 U.S. 96, 101-102, 109 S. Ct. 2818, 106 L. Ed. 2d 76 (1989) (construing a statute to authorize injunctive relief but not monetary recovery from the States because intent to abrogate immunity to monetary recovery was not unmistakably clear in the language of the statute (quoting *Atascadero, supra*, at 242, 105 S. Ct. 3142, 87 L. Ed. 2d 171)) (internal quotation marks omitted).

"Thus, a State may waive its immunity by voluntarily participating in a federal spending program provided that Congress has expressed a clear intent to condition participation … on a State's consent to waive its constitutional immunity." *Madison v. Virginia*, 474 F.3d 118, 129 (4th Cir. 2006) (quoting *Litman*, 186 F.3d at 550; *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 247, 105 S. Ct. 3142, 87 L. Ed. 2d 171 (1985)) (internal quotation marks omitted). "A

3

waiver must be unequivocally expressed in statutory text. *Id.* at 130 (see *Lane v. Pena*, 518 U.S. 187, 192, 116 S. Ct. 2092, 135 L. Ed. 2d 486 (1996)) (internal quotation marks omitted). "For this reason, general participation in a federal program or the receipt of federal funds is insufficient to waive sovereign immunity." *Id.* (see *Atascadero*, 473 U.S. at 246-47). "Rather, Congress must make its intention unmistakably clear in the language of the statute." *Id.* (quoting *Hoffman v. Conn. Dep't of Income Maintenance*, 492 U.S. 96, 101, 109 S. Ct. 2818, 106 L. Ed. 2d 76 (1989) (internal quotation marks omitted)).

In accordance with the foregoing, Defendants maintain their argument that under the circumstances presented the Commonwealth of Virginia has not waived its Eleventh Amendment immunity; therefore, this Court lacks jurisdiction to consider the supplemental claim brought pursuant to the Virginia Tort Claims Act.

In regards to the remaining arguments in Plaintiff's Opposition, Defendants' standby the arguments and evidence in their Memorandum in Support of their Motion to Dismiss (ECF No. 12), and respectfully request this Court grant their motion and dismiss Plaintiff's Complaint.

    Respectfully submitted,

    COMMONWEALTH OF VIRGINIA, J.A.
    WOODSON, N. SHIRES, B.J. LOKEY, J.L.
    BROWN and LT. E.O. HOSKIE

By:    s/ Jessica Berdichevsky
    Jessica Berdichevsky, AAG, VSB #80015
    Criminal Justice & Public Safety Division
    Office of the Attorney General
    202 North 9th Street
    Richmond, Virginia 23219
    Telephone: (804) 371-4482
    Fax: (804) 786-4239
    Email: jberdichevsky@oag.state.va.us

## CERFIFICATE OF SERVICE

I hereby certify that on the 28th day of February, 2017, I electronically filed the foregoing Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following: Chris Okay, Esq., P.O. Box 3089, 13 W. Beverley Street, 2nd Fl. Staunton, VA 24402, email: chrisokay@icloud.com, and I hereby certify that I have mailed the document by United States Postal Service to the following non-filing user: N/A

        By:    s/ Jessica Berdichevsky
                  Jessica Berdichevsky, AAG, VSB #80015
                  Criminal Justice & Public Safety Division
                  Office of the Attorney General
                  202 North 9th Street
                  Richmond, Virginia 23219
                  Telephone: (804) 371-4482
                  Fax: (804) 786-4239
                  Email: jberdichevsky@oag.state.va.us